IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MELINDA KAY ZIRBS,**

Plaintiff,

**v.**

**CIVIL ACTION NO.: 5:19-CV-308 (BAILEY)**

**ANDREW SAUL,**
**Commissioner of Social Security,**

Defendant.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

This case arises from the denial of Plaintiff Melinda Zirbs' ("Plaintiff") Title II application for a period of disability and disability insurance benefits ("DIB") and Title XVI application for supplemental security income ("SSI"). After Plaintiff's application proceeded through the administrative process, a United States Administrative Law Judge ("ALJ"), concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of Defendant Andrew Saul ("Commissioner"), Commissioner of Social Security. Now, Plaintiff seeks judicial review of the Commissioner's decision. Because the Commissioner's final decision to deny Plaintiff's claim for DIB and SSI contains no legal error and is supported by substantial evidence, the undersigned reports and recommends that Plaintiff's Motion for Summary Judgment [ECF No. 12] be **DENIED** and Defendant's Motion for Summary Judgment [ECF No. 14] be **GRANTED**.

## II.  PROCEDURAL HISTORY

On or about September 7, 2017, and September 25, 2017, Plaintiff respectively filed the present claim for SSI and DBI, with an alleged onset date of disability of January 1, 2017. R. 180. Plaintiff's application for DIB and SSI was initially denied on December 13, 2017, and upon reconsideration on May 9, 2018. Id. After these denials, Plaintiff requested a hearing before an ALJ. Id. On January 10, 2019, a hearing was held before an ALJ. Id. At the hearing, Plaintiff was pro se and appeared in Morgantown, West Virginia, while the ALJ appeared from Falls Church, Virginia. Id. Casey B. Vass, a vocational expert, appeared in and testified at the hearing. Id. On May 24, 2019, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Social Security Act at any time since January 1, 2017. R. 190. On September 5, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1-5.

On November 12, 2019, Plaintiff, through counsel, Jaime M. Lewis, Esq., filed a Complaint in this Court to obtain judicial review of the Commissioner's final decision pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). Compl., ECF No. 1. The Commissioner, through counsel Erin K. Reisenweber, Assistant United States Attorney, filed his Answer and the Administrative Record of the proceedings on April 27, 2020. Answer, ECF No. 9; Admin. R., ECF No. 10. Soon thereafter, Plaintiff and the Commissioner filed their Motions for Summary Judgment and supporting briefs. Pl.'s Mot. Summ. J., ECF No. 12; Def.'s Mot. Summ. J., ECF No. 14. Neither party filed a response. A hearing and oral argument was scheduled [ECF No. 15] and occurred before the undersigned on September 22, 2020. ECF No. 18.

2

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 9.02(a). Having reviewed the parties' motions and the administrative record, the undersigned now issues the following Report and Recommendation.

### III.    BACKGROUND

**A.    Personal History**

Plaintiff was born on April 8, 1967, and was forty-nine years old at the time she made her application for DIB and SSI. R. 216. She is approximately 5'2" and weighs 150 pounds. R. 220. She graduated high school. R. 215-16. Plaintiff lives alone in her mobile home. R. 392. According to Plaintiff, she last worked November 17, 2017, as an office assistant at the Huttonsville Correctional Center. R. 182, 400. Plaintiff alleges that she is limited in her ability to work due to "severe major depressive disorder, multiple joint pain, mild sleep apnea, fatigue, and hypothyroidism." R. 392.

**B.    Medical History**

In accordance with the Court's Order Directing Filing of Briefs, the parties were required to produce a stipulation of facts in order to provide the Court with a chronology in narrative form of Plaintiff's relevant medical history. ECF No. 9, at 2. Accordingly, the undersigned relies upon those stipulated facts throughout this report and recommendation. See Mem. Supp. Pl.'s Mot. Summ. J. No. ECF 13, at 2–10; Def.'s Brief Supp. Mot. Summ. J. ECF No. 14-1, at 3–9.

## IV.    THE FIVE-STEP EVALUATION PROCESS

To be "disabled" under the Social Security Act, a claimant must meet the following

criteria:

> [The] individual . . . [must have a] physical or mental impairment or
> impairments . . . of such severity that he is not only unable to do his
> previous work but cannot, considering his age, education, and work
> experience, engage in any other kind of substantial gainful work
> which exists in the national economy, regardless of whether such
> work exists in the immediate area in which he lives, or whether a
> specific job vacancy exists for him, or whether he would be hired if
> he applied for work. . . . '[W]ork which exists in the national economy'
> means work which exists in significant numbers either in the region
> where such individual lives or in several regions of the country.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Social Security Administration uses the

following five-step sequential evaluation process to determine whether a claimant is

disabled:

> (i) At the first step, we consider your work activity, if any. If you are
> doing substantial gainful activity, we will find that you are not
> disabled.
>
> (ii) At the second step, we consider the medical severity of your
> impairment(s). If you do not have a severe medically determinable
> physical or mental impairment that meets the duration requirement
> [of twelve months] . . . or a combination of impairments that is severe
> and meets the duration requirement, we will find that you are not
> disabled.
>
> (iii) At the third step, we also consider the medical severity of your
> impairment(s). If you have an impairment(s) that meets or equals one
> of our listings . . . and meets the duration requirement, we will find
> that you are disabled.

20 C.F.R. §§ 404.1520(a), 416.920(a). "If your impairment(s) does not meet or equal a

listed impairment, we will assess and make a finding about your residual functional

capacity [("RFC")] based on all the relevant medical and other evidence in your case

record, as explained in § 404.1545." 20 C.F.R. §§ 404.1520(e), 416.920(e).

4

(iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520, 416.920. In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. Richardson v. Califano, 574 F.2d 802, 804 (4th Cir. 1978). Once the claimant so proves, the burden of proof shifts to the Commissioner at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. Hicks v. Gardner, 393 F.2d 299, 301 (4th Cir. 1968). If it is determined that the claimant is "disabled" or "not disabled" during any of the five steps, the process will not proceed to the next step. 20 C.F.R. §§ 404.1520, 416.920.

## V.   ADMINISTRATIVE LAW JUDGE'S DECISION

At step one of the sequential evaluation process outlined above, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity for a continuous twelve-month period. R. 182-83. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: hypothyroidism, narcolepsy, obstructive sleep apnea, and depressive disorder. R. 183. At step three, the ALJ found that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments. Id.  At step four, the ALJ determined that Plaintiff's RFC as follows:

> "to perform medium work as defined in 20 C.F.R.
> 404.1567(c) and 416.967(c) except with these additional
> limitations: The claimant cannot climb ladders, ropes, or
> scaffolds. She cannot work around unprotected heights. She
> cannot operate a motor vehicle or hazardous machinery. She
> can perform simple, routine, and repetitive tasks. She can
> make simple decisions. She can work in an environment
> where change is minimal. She cannot work along conveyor
> belts or assembly lines. She can have occasional contact with
> supervisors and coworkers, but no contact with the general
> public. She cannot perform tandem work."

R. 184. Then, the ALJ determined that Plaintiff is unable to perform any past relevant

work. R. 188. At step five, the ALJ concluded that Plaintiff is capable of performing other

jobs in the national economy that exist in significant numbers. R. 189. Thus, the ALJ found

that Plaintiff is not disabled within the meaning of the Social Security Act. R. 190.

## VI.    DISCUSSION

### A. Scope of Review

In reviewing an administrative finding of no disability, the scope of review is limited

to determining whether the ALJ applied the proper legal standards and whether the ALJ's

factual findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453,

1456 (4th Cir. 1990). A "factual finding by the ALJ is not binding if it was reached by

means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d

514, 517 (4th Cir. 1987). Likewise, a factual finding by the ALJ is not binding if it is not

supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is "such relevant evidence as a reasonable mind might accept to

support a conclusion." Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229

(1938)). Elaborating on this definition, the United States Court of Appeals for the Fourth

Circuit has stated that substantial evidence "consists of more than a mere scintilla of

evidence but may be somewhat less than a preponderance. If there is evidence to justify

a refusal to direct a jury verdict were the case before a jury, then there is 'substantial

evidence.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v.

Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). When determining whether substantial

evidence exists, a court must "not undertake to reweigh conflicting evidence, make

credibility determinations, or substitute [its] judgment for that of the ALJ['s]." Johnson v.

Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

### B. Contention of the Parties

In her Memorandum in Support of her Motion for Summary Judgment, Plaintiff

contends that the ALJ's decision is unsupported by substantial evidence. ECF No. 13.

Plaintiff asserts that (1) the ALJ failed to adequately develop the record by failing to obtain

evidence critical to the proper evaluation of the Plaintiff's claim, and (2) the ALJ's RFC

fails to recognize and properly evaluate evidence supportive of the Plaintiff's limitations.

Id. at 1. Based on the alleged errors, Plaintiff requests that the Court reverse the

Commissioner's decision and award Plaintiff benefits, or in the alternative, remand this

case for a new administrative proceeding. Id. at 14.

Conversely, the Commissioner argues that the ALJ's decision is supported by

substantial evidence. ECF No. 14-1 at 16. Addressing Plaintiff's arguments for summary

judgment respectively, the Commissioner avers that (1) substantial evidence supports the

ALJ's decision, and the ALJ was not obligated to further develop the record; and (2)

substantial evidence supports the RFC. Id. at 10-16. Accordingly, the Commissioner

requests that the Court grant his motion. Id. at 16.

### C. Analysis of the Administrative Law Judge's Decision

#### 1. ALJ Adequately Developed Record and there was Substantial Evidence to Supports the ALJ's Decision.

Plaintiff argues that the Commissioner's decision is not based on substantial evidence because the ALJ did not adequately develop the record. ECF No. 13 at 11-14. Plaintiff contends that the ALJ failed to obtain evidence that supports Plaintiff's assertions that her medical conditions extensively interfered with her work. Id. at 12. Specifically, Plaintiff refers to applications for leave she filed under the Family Medical Leave Act ("FMLA") and timesheets, which Plaintiff submitted to the Appeals Council. Id. Therefore, Plaintiff argues that had the ALJ reviewed this information, the ALJ would have had corroborating evidence in evaluating Plaintiff's claim, which would have led to a different RFC. Id.

The Court of Appeals for the Fourth Circuit has held that "in *pro se* cases, ALJs have a 'duty to assume a more active role in helping claimants develop the record.'" Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996), citing Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). The regulations provide that the ALJ "may" obtain additional evidence only where the ALJ finds the record insufficient to make a decision on a claimant's claim. See 20 C.F.R. §§ 404.1520b(a), 416.920b(a). "[A]lthough the ALJ has a duty to 'explore all relevant facts and inquire into the issues necessary for adequate development of the record,' '[he] is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record.'" Bell, 1995 WL 347142, at *4 (second alteration in original) (internal citations omitted) (quoting Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) and Clark v. Shalala, 28 F.3d 828, 830–31 (8th Cir. 1994)). Therefore, "'[t]he pertinent inquiry is "whether the record contained sufficient medical evidence for the ALJ

to make an informed decision . . . .""" Glenn, 2015 WL 628518, at *6 (quoting Craft v. Apfel, No. 97-2551, 1998 WL 702296, at *3 (4th Cir. Oct. 6, 1998)).

Based on the evidence in the record before him, the ALJ did not find the record insufficient, but instead properly evaluated the existing record, including Plaintiff's testimony and her work history, in addition to the findings by Nurse Donielle Teter ("Nurse Teter") and Plaintiff's other medical providers. Therefore, it was unnecessary for the ALJ to review additional records as his decision is supported by substantial evidence.

The records provided by Plaintiff after the hearing to the Appeals Council include (1) records in which Plaintiff sought leave (annual leave, sick leave, and leave without pay) pursuant to FMLA [R. 7-25, 29-66, 68-122, 139-41], and one related to a traffic accident [R. 67]; (2) notices related to Plaintiff's use of leave [R. 26-28]; (3) records related to Plaintiff's leave status [R. 142-171]; (4) a November 2016 form in which Nurse Teter stated that Plaintiff remained capable of performing work [R. 124, 126][1]; and (5) a June 2017 form in which Nurse Teter stated that Plaintiff remained capable of performing work [R. 134].

However, these records provided no new information. The ALJ was already aware that Plaintiff requested leave pursuant to the FMLA. In fact, the ALJ referenced other documents of Plaintiff's absences including some wherein Plaintiff referred to the FMLA (e.g., R. 470, 483, 489, 545, 568, 700, 736, 764). The ALJ was not obligated to obtain Plaintiff's FMLA records as he was aware of Plaintiff's leave requests and additional records were unnecessary to adequately develop the record.

---

[1] The undersigned notes that the ALJ already had access to this as part of the record. See R. 508.

The Plaintiff specifically refers to a finding by the ALJ in step one of the sequential evaluation process involving substantial gainful activity.  The Plaintiff notes that the ALJ discredited Plaintiff by finding "no evidence to corroborate the allegations in the work activity report dated October 11, 2017, that she worked irregular or fewer hours than other workers; that she took more rest periods than other workers, and that she had reduced work hours and earnings." R. 182-183. The Plaintiff argues that the ALJ failed to investigate and obtain evidence, including applications for FMLA leave [R. 7-141] and time sheets [R.145-171], provided by Plaintiff to the Appeals Council, which corroborate her statements regarding missed work and demonstrate the extensive interference of her medical conditions with her work.

However, it is clear that the ALJ was reviewing the allegation contained in that work activity report for October 11, 2017, to determine whether Plaintiff had performed substantial gainful activity (SGA) during the period as required in step one of the sequential evaluation process. If Plaintiff performed SGA, her claim would have been denied at step one of the sequential evaluation process, and the ALJ would not have proceeded further in his evaluation. See 20 C.F.R. §§ 404.1520(b), 416.920(b) ("If you are working and the work you are doing is [SGA], we will find that you are not disabled . . . ."). Workplace accommodations might suggest Plaintiff was not performing SGA. See generally 20 C.F.R. §§ 404.1574, 416.974. The ALJ referenced the accommodations Plaintiff alleged, but then examined Plaintiff's earnings (R. 182-83, citing Ex. 5D and 7D, R. 354, 357). See 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1). The ALJ determined that despite Plaintiff's absences, Plaintiff performed SGA through November 17, 2017. R. 182. Additionally, this determination was consistent with Plaintiff's testimony at the hearing. R.

203.  Regardless, the ALJ found that there was a continuous 12 month-period(s) during which Plaintiff did not engage in substantial gainful activity and proceeded to step two of the sequential evaluation process. Therefore, any further corroborating documentation regarding this issue was unnecessary. The ALJ had substantial evidence to proceed to step two of the sequential evaluation process without the additional records provided to the Appeals Council. Any error committed by failing to review the additional documents is harmless as the ALJ found that Plaintiff had not engaged in substantial gainful activity and proceeded to step two of the evaluation process.

Plaintiff also argues the ALJ discredited Nurse Teter's November 2017 statement of Plaintiff's limitations. Specifically, Plaintiff cites to the ALJ decision before step four of the sequential process when formulating the Plaintiff's residual functional capacity (RFC) that states that there is "no corroborating evidence in the record to support the allegations for work accommodation or missed days at work from the claimant's employer or from her colleagues." R. 188.  However, the evidence provided to the Appeals Council was not new evidence.  The ALJ clearly considered Nurse Teter's report on November 16, 2016, even though it was during the time Plaintiff was working at a level of substantial gainful employment. Id. In fact, the ALJ states that it is "…not well supported by the record overall." Id. Nurse Teter did state that Plaintiff "missed numerous days of work due to fatigue" and depression, but Nurse Teter was describing exertional physical limitations. R. 736. Nurse Teter supplemented her statement with a list of physical findings that were almost entirely unremarkable R. 737-38.  Clearly, there was substantial evidence in the record for the ALJ to discount Nurse Teter's opinion. R. 188. Additionally, Nurse Teter did not state that Plaintiff experienced entirely work-preclusive functional limitations. Nurse

11

Teter even recommended that Plaintiff take the initiative in seeking different work. R. 765. There simply wasn't any additional information needed for the ALJ to evaluate Nurse Teter's report. Thus, substantial evidence supports the ALJ's determination that the record was sufficient.

### 2. Substantial Evidence Supports the ALJ's RFC.

Plaintiff argues that the ALJ's opinion is not based on substantial evidence because the RFC does not support the evidence of Plaintiff's limitations. ECF No. 13 at 12. Plaintiff argues that the ALJ failed to use a function-by-function-analysis to determine Plaintiff's RFC. Id. at 13. Mainly, the ALJ did not "make specific findings about whether, and to what extent, Plaintiff's impairments would cause her to experience episodes of sleepiness or fatigue requiring interference with, or breaks in, work." Id. Therefore, Plaintiff contends that "the ALJ failed to adequately explain his decision to discredit Plaintiff's statements regarding the severity of her excessive sleepiness or fatigue." Id. at 14.

"The process for assessing RFC is set out in Social Security Ruling 96-8p." Monroe v. Colvin, 826 F.3d 176, 187 (4th Cir. 2016) (citing Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)); see also SSR 96-8p, 1996 WL 374184 (July 2, 1996). "Under that ruling, the assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Monroe, 826 F.3d at 187 (internal quotations omitted) (citations omitted). Only once the ALJ considers a claimant's abilities on a function-by-function basis may he then express the claimant's RFC in terms of exertional levels of work. See id. The ALJ should take care not to express the claimant's RFC in terms of exertional levels of work *first* and *then* conclude that the limitations caused by the

12

claimant's impairments are consistent with the RFC. See id. at 188. "[E]xpressing the RFC before analyzing the claimant's limitations function by function creates the danger that 'the adjudicator [will] overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do.'" Id. at 187–88 (quoting Mascio, 780 F.3d at 636).

Although the ALJ is required to conduct a function-by-function analysis before expressing a claimant's RFC, the United States Court of Appeals for the Fourth Circuit has not adopted "a per se rule requiring remand when the ALJ does not perform . . . [said] analysis." Mascio, 780 F.3d at 636. Instead, the Fourth Circuit has taken the approach that "remand *may* be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Monroe, 826 F.3d at 188 (emphasis added) (quoting Mascio, 780 F.3d at 636). Accordingly, the Court must first determine whether the ALJ failed to assess Plaintiff's capacity to perform relevant functions. See id. If so, the Court must then determine whether the ALJ's failure frustrates meaningful review because of contradictory evidence or other inadequacies in the record. See id. "[A] proper function by function analysis conducted by a state agency consultant can satisfy an ALJ's requirement to conduct a function by function assessment" because these assessments, if given weight by the ALJ, "provide support for the ALJ's RFC determination and allow the Court to conduct a meaningful review of the ALJ's analysis." Sineath v. Colvin, 1:16CV28, 2016 WL 4224051, at *5 (M.D.N.C. Aug. 9, 2016), report and recommendation adopted, No. 1:16-CV-28, M.D.N.C. Sept. 13, 2016, ECF No. 18. The undersigned concludes that the ALJ's decision does not frustrate meaningful review

13

because the record is adequate, the ALJ considered Plaintiff's performance capacity, and it substantially supports the ALJ's RFC determination.

Here, the ALJ began his step two analysis by determining that Plaintiff has four severe impairments. R. 183. Next, as required by step three, the ALJ proceeded in addressing why Plaintiff did not have an impairment or a combination of impairments that meets one of the listed impairments from evaluating the functional reports, psychological evaluations, and Plaintiff's testimony. R. 183-184. Turning to the RFC assessment, the ALJ found that Plaintiff had the RFC to perform medium work, with additional limitations. R. 184. In making this determination, the ALJ stated that he considered all symptoms, medical opinion(s), and prior administrative medical finding(s). R. 185.

In examining Plaintiff's symptoms, the ALJ followed the necessary two-step process, in which the ALJ must determine that (1) Plaintiff has an impairment that could produce Plaintiff's pain or symptoms and (2) the extent of the intensity of the reported symptoms with other evidence in the record when the symptoms are not verified through objective medical evidence. Id. In his decision, the ALJ, in detail, addressed Plaintiff's subjective symptoms that she testified to at the January 2019 hearing. Id. Then, the ALJ considered the testimony of Brandi McClusky[2], Plaintiff's friend who testified on Plaintiff's behalf at the hearing. Id. Brandi McClusky testified that when she first met Plaintiff, she and Plaintiff engaged in social activities together. Id. However, Plaintiff had changed by becoming more isolated, tired, and emotional. Id. The ALJ included Brandi McClusky's specific testimony in his report and described the changes in Plaintiff that Brandi McClusky

---

[2] The transcript of the hearing before the ALJ on January 10, 2019, spells Plaintiff's friend's name "Brandy Miklewski." R. 199. In his report, the ALJ spells the name "Brandi McClusky." R. 185.

reported. Id. Therefore, the ALJ did address, at length, the symptoms reported by Plaintiff, and how the symptoms have affected her life and ability to work. Id.

After considering Plaintiff's testimony, the ALJ found that Plaintiff's impairments could cause the reported symptoms, but the alleged intensity was not consistent with the medical evidence. R. 185-186. Medical evidence is considered objective as opposed to Plaintiff's subjective feelings of pain that cannot be determined by a source other than Plaintiff. See Craig, 76 F.3d at 592. The ALJ examined a variety of medical sources in the decision to conclude that the medical evidence showed inconsistencies with Plaintiff's subjective pain. R. 185-188. Progress notes from Valley Health Care, Inc. demonstrated that Plaintiff was receiving "routine and conservative treatment" for fatigue and narcolepsy and her "physical examination was unremarkable." R. 186. Based on this, the ALJ limited Plaintiff's range of work, stating that Plaintiff could not climb ladders, ropes, or scaffolds because it would expose Plaintiff to unprotected heights. Id. Further, Plaintiff could not perform work that required the operation of a motor vehicle or hazardous machinery to accommodate Plaintiff's narcolepsy. Id. Therefore, the ALJ considered Plaintiff's impairments with prior testimony and medical evidence, regarding Plaintiff's narcolepsy, in determining the RFC.

Additionally, Plaintiff was wearing a C-PAP machine for sleep apnea and did not report a shortness of breath, and she retained normal motor strength. Id. Further, the ALJ observed that progress notes from Tygart Valley Medical Specialties, Inc. reported that Plaintiff had normal respiratory findings. Id. The ALJ had objective evidence from medical personnel that showed Plaintiff's physical limitations were not as severe as her subjective complaints and formulated her RFC accordingly.

15

The ALJ also considered evidence as to Plaintiff's mental health. R. 186-188. The ALJ considered Plaintiff's subjective reports and effects of depression and medical records from Appalachian Community Health Center in November 2017. R. 186. There, the findings were unremarkable, and Plaintiff's mental functions were good. Id.  Also, progress notes from Valley Health Care, Inc. showed that Plaintiff's mood had improved, and a physical examination reflected good judgment. R. 187. Further, opinion evidence reflected that Plaintiff would have mild to moderate mental health limitations. R. 188. Therefore, the ALJ considered Plaintiff's subjective impairments with the objective medical evidence before him and found that it was not consistent.

The ALJ provided an extensive discussion as to his findings, reasoning, and considerations through function-by-function analysis. The conclusions reached by the ALJ are ascertainable from his narrative and support for the conclusions are found throughout the record. Further, the conclusions were reached after evaluating Plaintiff's subjective complaints and testimony with medical findings throughout the record. Thus, substantial evidence supports the ALJ's RFC.

## VII.    RECOMMENDATION

For the reasons herein stated, I find that the Commissioner's decision denying Plaintiff's claim for DIB and SSI contains no legal error and is supported by substantial evidence. Accordingly, I **RECOMMEND** that Plaintiff's Motion for Summary Judgment [ECF No. 12] be **DENIED**, Defendant's Motion for Summary Judgment [ECF No. 14] be **GRANTED**, the decision of the Commissioner be **AFFIRMED**, and this case be **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable JOHN PRESTON BAILEY, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 5th day of October, 2020

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE