# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**MELINDA KAY ZIRBS,**

      Plaintiff,

  v.                                CIVIL ACTION NO. 5-19CV-308
                                                  Judge Bailey

**ANDREW SAUL,**
Commissioner of Social Security,

      Defendant.

## ORDER ADOPTING REPORT & RECOMMENDATION

On this day, the above styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 19]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on filed on October 5, 2020, wherein he recommends that defendant's Motion for Summary Judgment [Doc. 14] be granted and plaintiff's Motion for Summary Judgment [Doc. 12] be denied. On October 19, 2020, plaintiff timely filed objections to the R&R [Doc. 20]. Thereafter, defendant filed a Response [Doc. 21]. Plaintiff did not file a Reply. Accordingly, this matter is now ripe for adjudication. For the reasons set forth below, this Court adopts Magistrate Judge Trumble's R&R.

1

## BACKGROUND

As noted by the magistrate, this matter stems from an underlying claim for supplemental security income ("SSI") and disability insurance benefits ("DBI") filed by plaintiff on or about September 7, 2017, in which she alleged onset of her purported disabilities beginning on January 1, 2017. *See* [Doc. 19]. Plaintiff's claim for SSI and DBI was initially denied on December 13, 2017, and upon reconsideration on May 9, 2018. [Id.]. Subsequent to the denials, the matter was heard by an administrative law judge (the "ALJ"), who ultimately determined plaintiff was not disabled within the meaning of the Social Security Act at any time since January 1, 2017. [Id.]. On September 5, 2019, the Appeals Council denied plaintiff's request for review, thereby constituting the ALJ's decision as the final decision of the Commissioner. [Id.].

On November 12, 2019, plaintiff filed her Complaint in this Court seeking review of the Commissioner's final decision pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). [Doc. 1]. The Commissioner then filed an Answer and Administrative Record of the underlying proceedings on April 27, 2020. [Docs. 9 & 10]. Then, both parties filed respective Motions for Summary Judgment. [Docs. 12 & 14]. Magistrate Judge Trumble conducted a hearing on the Motions on September 22, 2020 [Doc. 18], and filed the subject R&R thereafter.

## APPLICABLE LAW

### I. Standards of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which

objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." *See Oripano v. Johnson,* 687 F.2d 44 (4th Cir. 1982); *citing Webb v. Califano*, 458 F.Supp. 825 (E.D. Cal. 1979). General objections to the magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Fed. R. Civ. P. 72, and have the same effect as a failure to object. *Veney v. Astrue*, 539 F.Supp.2d 841, 845 (W.D. Va. 2008) (citing *United States v. Midgette*, 478 F.3d 616, 621-622 (4th Cir. 2007)). Because plaintiff filed timely objections, this Court will undertake a *de novo* review as to those portions of the R&R to which objections were made. The remainder will be reviewed for clear error.

## II. Judicial Review of an ALJ Decision

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied." *See* 42 U.S.C. § 405(g). An ALJ's findings will be upheld if supported by substantial evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Further, the "'possibility of

3

drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" ***Sec'y of Labor v. Mutual Mining, Inc.***, 80 F.3d 110, 113 (4th Cir. 1996) (citing ***Consolo v. Fed. Mar. Comm'n***, 383 U.S. 607, 620 (1996)).  The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.  ***Meyer v. Astrue***, 662 F.3d 700, 704 (4th Cir. 2011) (citing ***Craig v. Chater***, 76 F.3d 585, 589 (4th Cir. 1996)).  Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.  ***King v. Califano***, 599 F.2d 597, 599 (4th Cir. 1979).  "This Court does not find facts or try the case *de novo* when reviewing disability determinations."  ***Id.***

## III.  Five-Step Evaluation Process

To be disabled under the Social Security Act, a claimant must meet the following criteria:

[The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which

4

exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (2004). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

[Before the fourth step, the residual functional capacity [("RFC")] of the claimant is evaluated "based on all the relevant medical and other evidence in your case record . . . ."]

(iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

5

> (v) At the fifth and last step, we consider our assessment of your [RFC] and your
> age, education, and work experience to see if you can make an adjustment to
> other work. If you can make an adjustment to other work, we will find that you are
> not disabled. If you cannot make an adjustment to other work, we will find that
> you are disabled.

20 C.F.R. § 404.1520 (2015); 20 C.F.R. § 416.920 (2012). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. *Richardson v. Califano*, 574 F.2d 802, 804 (4th Cir. 1978). Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. *Hicks v. Gardner*, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

## DISCUSSION

Plaintiff raises two (2) objections to the R&R, and this Court will review those portions of the R&R *de novo*. The remainder of the R&R will be reviewed for clear error. First, plaintiff objects to the magistrate's finding that the ALJ did not fail to adequately develop the record. [Doc. 20]. More specifically, plaintiff asserts that the ALJ failed to investigate and obtain evidence, including applications for FMLA leave and time sheets that purportedly demonstrated the significant interference by her medical conditions on her work activity. [Id.]. This objection is without merit.

As noted by Magistrate Trumble, the ALJ did not find the record insufficient and instead opted to evaluate the existing record, thereby concluding that it was unnecessary to review additional records as the decision was supported by substantial evidence. *See* [Doc. 19 at 9]. Moreover, Magistrate Trumble properly concluded that the applications for FMLA leave and time sheets plaintiff sought to have considered by the ALJ contained no new pertinent information to the record considered by the ALJ. "The pertinent inquiry is 'whether the record contained sufficient medical evidence for the ALJ to make an informed decision. . . .'" *Craft v. Apfel*, 1998 WL 702296, at *3 (4th Cir. Oct. 6, 1998). Based on the evidence in the record, the ALJ concluded that the record was not insufficient, and evaluated plaintiff's testimony, work history, and findings made by plaintiff's medical providers. Based on the foregoing, this Court concludes that the ALJ's findings were supported by substantial evidence, and plaintiff's first objection to the contrary is overruled. *See Milburn Colliery Co.*, 138 F.3d at 528 (4th Cir. 1998).

Next, and finally, plaintiff objects to Magistrate Trumble's finding that the ALJ's analysis of plaintiff's RFC was supported by substantial evidence. *See* [Doc. 20]. More specifically, plaintiff complains of a statement by the ALJ referencing an absence of corroborating evidence to support the opinion of Donielle Teter, NP-C. [Id.]. However, Magistrate Trumble concluded, and this Court agrees, that the ALJ considered Nurse Teter's report even though it was issued during the time plaintiff was working at a level of substantial gainful employment. [Id.]. As correctly identified by Magistrate Trumble, the ALJ in this instance was describing an absence of support that purportedly applied to wholly unsupported exertional physical limitations. Additionally, the ALJ outlined other reasons for declining to adopt Nurse Teter's

7

opinion, and Magistrate Trumble noted that Nurse Teter did not opine as to any work-preclusive functional limitations–indeed expressly thereafter recommending that plaintiff try to seek other work. [Id.]. In review of the R&R and the record as a whole, this Court finds that the ALJ's RFC capacity evaluation was supported by substantial evidence, and plaintiff's objection to the contrary is overruled.

To the extent plaintiff offers a cursory argument that Magistrate Trumble erroneously concluded that the ALJ's decision complied with Social Security Ruling ("SSR") 96-8p, this Court disagrees. Magistrate Trumble discussed the parameters of SSR 96-8p at length and properly concluded that the record was adequate. The ALJ considered plaintiff's performance capacity and that such consideration substantially supported the ALJ's ultimate determinations.

## **CONCLUSION**

Upon careful review of the aforementioned, it is the opinion of this Court that the Report and Recommendation [**Doc. 19**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, plaintiff's Objections [**Doc. 20**] are **OVERRULED**. Thus, plaintiff's Motion for Summary Judgment [**Doc. 12**] is **DENIED**, and defendant's Motion for Summary Judgment [**Doc. 14**] is **GRANTED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** plaintiff's Complaint [**Doc. 1**] and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 29, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**